# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BILLY L. SEXSON, JR.,**

**Plaintiff,**

**vs.**                                                    **No. 98cv0155 MV/JHG**

**LT. ALEX ROMERO,**

**Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendant's (Romero) Motion for Summary Judgment filed December 17, 1998. On February 8, 1999, the assigned United States District Judge referred this matter to the undersigned United States Magistrate Judge to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(C). The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion to be well-taken and recommends it be GRANTED.

## I. Background

Sexson, a *pro se* litigant, filed his complaint pursuant to 42 U.S.C. §1983. In his complaint filed February 2, 1998, Sexson alleges that on December 15, 1997, Romero was escorting him across the prison yard. Sexson's hands were handcuffed behind his back. Once they were out of view of all units on the yard, Romero hit him on the back of the head, and kicked him in the middle of his back. Afterwards, Romero said to Sexson "I told you, you didn't see anything, didn't I?" Sexson alleges

he did not request medical attention because he was afraid of being beaten again. He sues Romero in his individual and official capacities. Sexson alleges he is entitled to damages under 42 U.S.C. § 1983 because Romero's actions violated his rights under the Eighth Amendment.

On February 17, 1998, the United States Magistrate Judge granted Sexson *in forma pauperis* status. In reviewing the complaint pursuant to 28 U.S.C. §1915, the District Court dismissed Sexson's claims against Defendants Perry and LeMaster due to the absence of liability under *respondeat superior* and reasoning the allegations were unsupported and conclusory.

## II. Standard of Review

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion for summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and resolves all reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where

the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers v. AT&T,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

## III. Discussion

Sexson brought this action under 42 U.S.C. § 1983, which provides civil redress for deprivation of constitutional rights. Section 1983 was enacted to provide protection to those persons wronged by the misuse of power. *Owen v. City of Independence, Mo.*, 445 U.S. 622, 650, 100 S.Ct. 1398, 1415, 63 L.Ed.2d 673 (1980). It creates no substantive civil rights, only a procedural

mechanism for enforcing them. *Gallegos v. City &County of Denver*, 984 F.2d 358, 362 (10th Cir.), *cert. denied*, 508 U.S. 972, 113 S.Ct. 2962, 125 L.Ed.2d 662 (1993).

Romero contends he is entitled to summary judgment because he did not violate Sexson's constitutional rights. A prison guard's use of force does not violate the Eighth Amendment if it is only "applied in a good faith effort to maintain or restore discipline," as opposed to being applied "maliciously or sadistically for the very purpose of causing harm." *Green v. Branson,* 108 F.3d 1296. 1300-01 (10th Cir. 1997) (*citing Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). In Albers, the Court indicated that review of a claim of the use of excessive force in prison is to be deferential to the prison, and "that neither the judge nor jury [may] freely substitute their judgment for that of officials who have made a considered choice." *Whitley v. Albers,* at 322.

Romero has submitted an affidavit in support of his motion for summary judgment. In the affidavit, Romero avers that on December 15, 1997, he and Officer. Gonzales were told to move Sexson into administrative segregation. Defendant's Motion for Summary Judgment filed December 17, 1998, Exhibit (Exhibit) A. Officers Montoya and Renke secured the yard prior to the movement. *Id.* Gonzales searched and handcuffed Sexson. *Id.* Officer Renke was the "hands on" officer. *Id.* Romero accompanied Renke and Gonzales across the open filed between the housing unit and the infirmary, where he was to be held pending placement in administrative segregation. *Id.* Gonzalez walked directly in front of Sexson and Renke. *Id.* Romero walked directly behind them. Exhibit A. Romero did not touch or speak to Sexson during the escort. *Id.* Transfers to administrative segregation raise safety concerns so all officers in the area are on alert. *Id.* At all times during the escort, Sexson and the three guards were in full view of the tower officer, the gymnasium control officer, and the medical officer. *Id.*

Romero submitted the affidavits of Officers Gonzales, Montoya and Roy Renke. Exhibits B and D. In addition, Romero submitted the affidavit od Officer Rick Renke, who unlocked the housing unit door and watched the three other officers escort Sexson across the yard. Exhibits C and E. All the affidavits corroborate Romero's affidavit. All the officers aver that Sexson was not abused during the transfer.

In light of these facts, Romero has met his initial burden of demonstrating an absence of evidence to support Sexson's case. *Celotex v. Catrett*, 477 U.S. at 323, 106 S.Ct. at 2553.Once Romero satisfied his initial burden, the burden shifted to Sexson to set forth specific facts showing a genuine issue for trial on a material matter. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d at 891. In his response to the motion for summary judgment, Sexson states Romero hit and kicked him during the transport, there were visual obstructions in the yard, and Romero had a grudge against him. Sexson does not identify any witnesses or offer any materials in support of his own conclusory statements. Sexson failed to proffer any material facts to rebut Romero's showing that they used reasonable force under the circumstances.

In order to resist the motion for summary judgment, Sexson was required to set forth specific facts showing a genuine issue for trial as to a dispositive matter. *Universal Money Centers v. AT&T*, 22 F.3d at 1529. This he failed to do. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co v. Zenith Radio Corp.*, 475 U.S. at 586, 106 S.Ct. at 1356. The Court has examined the record and resolved all reasonable inferences in the light most favorable to Sexson. Sexson has failed to demonstrate a genuine issue for trial as to whether Romero used excessive force during his transfer to administrative segregation on December 15, 1997.

Upon review of the evidence presented on this motion for summary judgment, the United States Magistrate Judge finds there is no question of material fact which precludes a grant of summary judgment in Defendant's favor. Therefore, Defendant's Motion for Summary Judgment filed December 17, 1998, should be granted.

## RECOMMENDED DISPOSITION

Defendant's Motion for Summary Judgment, filed December 17, 1998, should be GRANTED.

_____
**JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE**

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.